SUSAN M. CHEHARDY, Judge.
| aHarold C. Chestnut, Jr. appeals his conviction of DWI-third offense. We affirm.
The defendant was charged with violation of La.R.S. 14:98, driving while intoxicated, third offense, and pleaded guilty as charged on November 10, 2004, specifically reserving his rights to appeal the trial court’s denial of his motion to quash, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In the motion to quash he asserted the invalidity of one of the predicate offenses used to enhance his offense.
The conviction of DWI-3, the offense now before us, took place on November 10, 2004 in the 24th Judicial District Court for the Parish of Jefferson, under Case No. 04-4465. The predicate convictions are Case No. 264867, December 16, 1999, Ascension Parish Court; and Case No. F1294177, March 28, 2000, First Parish Court of Jefferson Parish. The March 28, 2000 conviction is the basis for the defendant’s Motion to Quash.
The defendant contends that the March 28, 2000 conviction is invalid because (1) the ad hoc judge who took his plea in that case was not an elected judge and, hence, did not have authority to accept his plea; and (2) that the ad hoc judge in that case failed to properly advise him of his constitutional rights prior to [¡¡accepting the guilty plea. In opposition, the State asserts the subject plea was constitutionally obtained.
VALIDITY OF PLEA BEFORE NON-ELECTED JUDGE
The defendant asserts that the lawyer sitting as an ad hoc judge in First Parish Court on the March 28, 2000 conviction did not have authority to accept a guilty plea. In support of this claim the defendant cites State v. O’Reilly, 00-2864 (La.5/15/01), 785 So.2d 768. In O’Reilly, the Louisiana Supreme Court declared unconstitutional the portion of La.R.S. 13:719 that purported to grant to commissioners of the 22nd Judicial District Court the authority to conduct trials, accept pleas, and impose sentences in misdemeanor cases.[1] The court held that the statute *575 could not grant commissioners the power to make an ultimate determination in a case, because such constitutes a judicial power restricted by our state constitution to elected judges of authorized courts.[2] “The power to make the ultimate determination in a case must be exercised by duly elected judges. The commissioner, an unelected official, cannot lawfully exercise the adjudicatory power of the state.” O’Reilly, 00-2864 at 7, 785 So.2d at 774.
The defendant argues that “while the Louisiana Supreme Court has the authority to appoint ad hoc judges from a pool of persons who have been previously elected or presently serve as elected judges, its appointment of a lawyer, who had not ever before been elected by the people, violated his right to be tried be [sic] one lawfully exercising the adjudicatory power of the state.”
Although the O’Reilly decision declared it unconstitutional for non-elected court commissioners to exercise the final adjudicatory power the State accords to elected judges, it did not invalidate the pleas of the defendants in the cases Rsubsumed within the O’Reilly appeal. Rather, it applied the “de facto officer doctrine” to uphold the convictions:
The de facto officer doctrine confers validity upon acts performed by a per-. son acting under the color of official title even though it is later discovered that the legality of that person’s appointment or election to office is deficient. The de facto doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly functioning of the government despite technical defects in title to office.
State v. O’Reilly, 00-2864 at p. 12, 785 So.2d at 777, citing Ryder v. U.S., 515 U.S. 177, 180, 115 S.Ct. 2031, 2034, 132 L.Ed.2d 136 (1995).
Although the State does not dispute the defendant’s citation of the O’Reilly case as on point -with these facts, the State points out that the guilty plea at issue was taken prior to the O’Reilly decision, making O’Reilly not applicable.
“[U]ntil a de facto officer’s title to the office is attacked directly and held to be invalid, ‘the acts of a defacto official are as valid and effectual, when they concern the public or the rights of third parties, as though he were an officer de jure....’” O’Reilly, 00-2864 at 13, 785 So.2d at 777, citing State v. Stripling, 354 So.2d 1297, 1300-1301 (La.1978).
We agree with the State’s analysis. First, at the time the defendant entered the guilty plea in the predicate case, O’Reilly had not yet been decided. Therefore, the O’Reilly case cannot be used to invalidate the plea in the March 28, 2000 conviction.
Second, appointment of pro tem-pore and ad hoc judges is governed by the Rules of the Supreme Court of Louisiana, Part G, § 5 (“Appointment of Pro Tem-pore and Ad Hoc Judges to City, Municipal, Traffic, Parish, Juvenile or Family Courts”). The defendant has failed to cite, nor do we find, any ruling that | .¡denies the authority of a duly-appointed ad hoc or pro tempore judge to accept a guilty plea.
VALIDITY OF CONSTITUTIONAL RIGHTS ADVISEMENT
The defendant argues that the Waiver of Rights form submitted by the *576 State as proof of the predicate conviction reveals that the form failed to include an advisement of the defendant’s “constitutionally guaranteed presumption of innocence and/or the fact that the state carried the burden of proving his guilty beyond a reasonable doubt.” The defendant contends the fact that such an advisement is not contained in the form shows that the ad hoc judge neglected to advise the defendant of that right.
In opposition, the State submits that the predicate plea was taken by the court in conformity with the procedural safeguards established in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which Louisiana has codified in La. C.Cr.P. art. 556 and 556.1.
Boykin requires that prior to accepting a guilty plea, the court must advise the defendant of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. Boykin, supra; State v. Dejean, 94-459 (La.App. 5 Cir. 11/28/95), 694 So.2d 284, 286. Boykin does not require the court to inform the defendant that he is presumed innocent until proven guilty.
Hence, any failure of the court in the March 28, 2000 predicate case to advise this defendant of the presumption of innocence does not invalidate his plea for enhancement purposes. The trial court properly denied the defendant’s motion to quash.
For the foregoing reasons, the conviction is affirmed.

AFFIRMED.

. La.R.S. 13:719 was repealed by Acts 2002, 1st Ex.Sess., No. 28, § 2, effective August 15, 2002.

. La. Const, art. V, §§ 1 and 22.