MARC E. JOHNSON, Judge.
In this second appeal, Defendant, Dwayne Williams, appeals his adjudication as a second felony offender, claiming his predicate conviction was based on a constitutionally infirm guilty plea. For the reasons that follow, we affirm Defendant’s adjudication and sentence as a multiple offender.
Defendant was convicted of possession with intent to distribute cocaine on October 4, 2012, and was sentenced to 20 years imprisonment at hard labor on October 26, 2012. His conviction and sentence were affirmed on appeal. State v. Williams, 13-170 (La.App. 5 Cir. 9/18/13); 125 So.3d 1195.
On June 10, 2013, during the pendency of Defendant’s appeal, the State filed a multiple offender bill of information alleging Defendant to be a second felony offender based on his current possession with intent to distribute cocaine conviction and a 2003 simple burglary conviction. Defendant filed a motion to | ¡¡quash the multiple bill, claiming he was not advised of his right to counsel at trial at the time of his predicate guilty plea, which was denied. A multiple bill hearing was held on January 6, 2014, and Defendant was adjudicated a multiple offender. The trial court vacated Defendant’s original 20-year sentence and resentenced him to 15 years as a second felony offender without the benefit of probation or suspension of sentence.
In his sole assignment of error, Defendant challenges his multiple offender adjudication on the basis his predicate conviction was constitutionally infirm because he was not advised of his right to the presumption of innocence and to call-witnesses at trial. He admits that the Boy-kin[1] form used in the taking of his predicate plea advised him of these two rights, but argues the failure of the form to specify that these rights were available to him “at trial” rendered his plea constitutionally invalid.
When a defendant’s multiple offender adjudication is based on a conviction obtained by a guilty plea, the State has the burden of proving the existence of the guilty plea and that the defendant was represented by counsel at the time of the guilty plea. If the State meets its burden of proof, the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity. If the defendant meets this burden of an infringement or irregularity, the burden shifts back to the State to prove the constitutionality of the plea by producing a “perfect transcript,” which shows the defendant’s waiver of his Boy-kin rights was voluntary, informed, and express. If the State produces anything less than a perfect transcript, including a *78 guilty plea form, a minute entry, or an imperfect transcript, the trial judge must weigh the evidence to determine whether the defendant’s prior guilty plea was both knowing and voluntary, and made with|4an articulated waiver of the three Boykin rights: the right to trial by jury, the privilege against self-incrimination, and the right of confrontation. State v. Shelton, 621 So.2d 769, 779-80 (La.1993).
In the present case, the State introduced certified copies of Defendant’s predicate conviction, which included a Waiver of Constitutional Rights Plea of Guilty form signed by Defendant, his counsel, and the trial judge. The State also introduced minute entries of Defendant’s conviction and sentence for the predicate offense. Both minute entries reflected that Defendant was represented by counsel. Thus, the State met its initial burden of proving the existence of a prior guilty plea and that Defendant was represented by counsel at the time of the plea. See State v. Mosley, 10-266 (La.App. 5 Cir. 11/9/10); 54 So.3d 692, 695-96.
The burden then shifted to Defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity. Defendant argues his guilty plea for the predicate conviction was constitutionally infirm because he was inadequately advised of his trial rights to the presumption of innocence and to call witnesses for the defense.
The guilty plea form for Defendant’s predicate conviction shows that he was informed that by pleading guilty he would be giving up the following rights:
1) to a trial by judge or jury.
2) to be presumed innocent until the District Attorney proves my guilt beyond a reasonable doubt.
3) to require the District Attorney to call witnesses who, under oath, would have to testify against me at trial; and to have my attorney ask questions of each of those witnesses.
4) to testify myself at trial, if I choose to do so; or to remain silent, if I choose not to testify and not have my silence held against me, or considered as evidence of my guilt.
5) to present witnesses who would testify for me and present | .¡favorable or helpful evidence.
Defendant initialed next to each of these rights and also signed the bottom of the guilty plea form. Defendant now contends that this advisal of rights was inadequate because of the omission of the words “at trial” after items (2) and (5). Of note, Defendant does not contend that he misunderstood the rights advice given.
The federal constitutional standards set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), require that a guilty plea be recorded showing that the defendant was informed of and waived three specific constitutional rights. These rights are the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one’s accusers. State v. Guzman, 99-1528 (La.5/16/00); 769 So.2d 1158, 1163, n. 4. A review of the guilty plea form for Defendant’s predicate conviction shows that he was adequately advised of his three Boy-kin rights in items (1), (3) and (4).
Contrary to Defendant’s assertion, there is no constitutional requirement that, prior to pleading guilty, a defendant be informed that he is presumed innocent until proven guilty at trial or that he has a right to present witnesses at trial. See State v. Chestnut, 05-220 (La.App. 5 Cir. 11/29/05); 917 So.2d 573, 576. Accordingly, we find that Defendant failed to meet his burden of proving an infringement on his rights or a procedural irregularity in his predicate guilty plea. Because the State proved the *79 existence of a prior guilty plea and that Defendant was represented by counsel at the time, and Defendant failed to prove an infringement on his rights or a procedural irregularity, we find the State established by competent evidence that Defendant was a second felony offender.[2]
|fiWe note that under the Louisiana Supreme Court ruling in State v. Moore, 12-102 (La.5/25/12), 90 So.3d 384 (per curiam ), we do not conduct an error patent review on a multiple offender hearing.

DECREE

For the foregoing reasons, Defendant’s adjudication and sentence as a multiple offender are affirmed.

AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Defendant does not contest his identity as the same person convicted of the predicate offense or the cleansing period.