760 So.2d 506 (2000)
STATE of Louisiana
v.
Ronnie J. SMITH.
No. 99-KA-1395.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
*508 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Ellen S. Fantaci, Vincent Paciera, Jr., Richard R. Pickens, II, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., MARION F. EDWARDS and JAMES L. CANNELLA.
DUFRESNE, Judge.
The defendant, Ronnie J. Smith, challenges his multiple offender adjudication and sentence. For the reasons set forth herein, we affirm the defendant's conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging the defendant with one count of armed robbery in violation of LSA-R.S. 14:64. The matter proceeded to trial before a twelve person jury, at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the trial judge sentenced the defendant to fifty years at hard labor without benefit of parole, probation, or suspension of sentence.
The Jefferson Parish District Attorney subsequently filed a bill of information seeking to have the defendant adjudicated and sentenced as a third felony offender pursuant to the provisions of LSA-R.S. 15:529.1. Following a hearing, the court found the defendant to be a third felony offender, vacated his original sentence, and imposed an enhanced sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. The defendant now appeals.

FACTS
At approximately 9:00 p.m. on November 15, 1998, Ronald Bentel was using a pay phone on Jefferson Highway when a car pulled toward him. The car stopped and four men got out. All four men had guns and demanded that Bentel turn over his gold chain and wallet. Although Bentel complied with this demand, one of the men struck Bentel in the back of the head. After taking Bentel's property, the men got back into the car and left.
Bentel left the scene and a short time later called the police. A call went out over the radio to look for the subjects and an officer in the Harahan Police Department spotted the car on Jefferson Highway. The officer gave chase and the car was eventually stopped. When the car stopped, the four subjects ran away. Approximately two hours later, the defendant was found hiding in the backyard of a house in the area where the chase ended. The defendant was then arrested. Mr. Bentel identified the defendant as one of the men who robbed him and as the man who struck him.

MULTIPLE OFFENDER ADJUDICATION
In his first assigned error, the defendant argues that the trial court erred in finding him to be a habitual offender because the state failed to prove that he was the same person who committed the predicate offenses.[1]
*509 To prove that a defendant is a habitual offender, the state must establish by competent evidence the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Bailey, 97-302 (La. App. 5 Cir. 4/28/98), 713 So.2d 588, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. The state may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings or photographs contained in a duly authenticated record. State v. Bailey, supra; State v. Brown, 514 So.2d 99 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988). Additionally, this court has held that testimony comparing a defendant's current fingerprints with those found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. State v. Hollins, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671; State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 926, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477.
In the present case, the state presented the testimony of Sergeant Virgil McKenzie of the Jefferson Parish Sheriffs Office, who was qualified as a fingerprint expert. He testified that he took defendant's fingerprints prior to the habitual offender hearing. During Sergeant McKenzie's testimony, the state introduced certified copies of the bill of information, minute entry, Boykin form, screening action form, and arrest register relating to Orleans Parish case number 394-012. The state also introduced the fingerprint copy of the arrest register in case number 394-012. These records show that Ronnie Smith pled guilty to attempted simple burglary in that case.
The state also introduced certified copies of the bill of information, minute entry, Boykin form, and screening action form relating to Orleans Parish case number 367-215. The state further introduced the fingerprint form on the arrest register in case number 367-215. These records show that Ronnie Smith pled guilty to illegal possession of stolen things valued in excess of $500.00.
McKenzie testified that he matched the fingerprints he took from the defendant with the fingerprints contained on the arrest registers relating to case numbers 394-012 and 367-215.
Based on this evidence, the court adjudicated the defendant a third felony offender. The defendant now argues that the state failed to prove that he was the same person convicted of the prior offenses because there was nothing which tied the arrest registers to the certified court documents. We find no merit to this argument. The state introduced certified copies of screening action forms for both predicates. The screening action forms contain both the arrest number, which appears on the arrest register, and the case number, which appears on the certified court documents. Thus, the screening action forms serve to link the arrest register, which contains defendant's fingerprints, with the certified court documents.
Based on the evidence presented at the multiple offender hearing, we find that the state sufficiently proved that the defendant was the same person convicted of the predicate offenses. Accordingly, there was no error in the court's adjudication of the defendant as a third felony offender.

EXCESSIVE SENTENCE
In his second assigned error, the defendant asserts that the trial court erred in denying his motion to reconsider sentence. The defendant specifically complains *510 that the sentence imposed was unconstitutionally excessive and further that the trial court failed to adequately comply with the sentencing guidelines in LSA-C.Cr.P. art. 894.1.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir.), writ denied, 577 So.2d 1009 (La.1991). In reviewing a sentence for excessiveness, the court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.
The defendant herein was found to be a third felony offender. LSA-R.S. 15:529.1 sets forth sentencing requirements for multiple offenders. For a third felony offender, LSA-R.S. 15:529.1(A)(1)(b)(ii) provides:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
In the present case, the defendant was convicted of armed robbery which is defined as a crime of violence in LSA-R.S 14:2(13). Accordingly, the trial court was required to sentence him to life imprisonment without benefit of parole, probation, or suspension of sentence. Despite this mandatory sentence, the defendant claims that the sentence as applied to him is excessive.
In State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223, the appellate court stated:
One of the basic principles universally applied by courts in testing constitutionality is the presumption of constitutionality. In the application of this principle a trial court considering whether the minimum sentence prescribed by the legislature for the particular crime committed by a defendant would be unconstitutional if applied to a particular defendant may do so only if there is substantial evidence to rebut the presumption of constitutionality. The trial court may not depart from the legislatively mandated minimum simply because of some subjective impression or feeling about the defendant.
In the case before us, the defendant has not presented sufficient evidence to rebut the presumption of constitutionality of the sentence. Accordingly, we are in agreement with the decision of the trial court that the statutory minimum sentence of life imprisonment was mandated and proper in this case.[2] In accord, see State v. Bell, supra.
In his brief, the defendant also argues that the trial court failed to give adequate consideration to the guidelines set out in LSA-C.Cr.P. art. 894.1. However, as noted above, the sentence imposed is the mandatory sentence under LSA-R.S. 15:529.1 and, therefore, it was unnecessary *511 for the trial judge to articulate reasons for sentence. State v. Haynes, 98-588 (La. App. 5 Cir.2/23/99), 729 So.2d 104.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Our review reveals no errors patent in this case.
For the reasons set forth herein, we hereby affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] In this assigned error, the defendant also alleges that he was not properly Boykinized when he pled guilty to the predicate offenses. However, he fails to discuss this allegation in his brief, and therefore, it is deemed abandoned. URCA, Rule 2-12.4; State v. Battie, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, writ denied, 99-1785 (La.11/24/99), 750 So.2d 980. In any event, we note that the documents introduced by the state at the multiple offender hearing indicate that the defendant was properly Boykinized when he pled guilty to the prior offenses.
[2] It is noted that, under State v. Dorthey, 623 So.2d 1276 (La.1993), a trial court has the authority, in certain cases, to depart from the mandatory minimum sentences provided by the legislature in which the punishment provided violates the prohibition of La. Const. Art. I, § 20 against excessive sentences.