970 So.2d 1166 (2007)
STATE of Louisiana
v.
Jerald J. JENKINS.
No. 07-KA-423.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
*1167 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, Donald Rowan, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
On November 17, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jerald J. Jenkins, with unauthorized entry of an inhabited dwelling in violation of LSA-R.S. 14:62.3.[1] At the arraignment, defendant pled not guilty. Thereafter, on February 6, 2007, the state amended the charge to aggravated burglary in violation of LSA-R.S. 14:60. On that same date, defendant was arraigned on the amended charge and pled not guilty. On March 22, 2007, the case was tried before a twelve person jury which unanimously found defendant guilty as charged.
Defendant then filed a motion for new trial and motion for post-verdict judgment of acquittal that were denied on April 13, 2007. On that same date, the trial judge sentenced defendant to imprisonment at hard labor for thirty years. Also on April 13, 2007, the state filed a multiple offender bill of information alleging defendant to be a second felony offender. Following a hearing, the trial judge found defendant to be a second felony offender, vacated the original sentence, and resentenced defendant to imprisonment at hard labor for sixty years without benefit of probation or suspension of sentence. Defendant now appeals his conviction and original sentence.

FACTS
Kizzy Minor testified at trial that, on August 30, 2004, defendant was sleeping at her Kenner apartment when his cell phone started ringing.[2] Minor explained that she had recently purchased the cell phone from Sprint with money defendant had given her, and that she had put the cell phone in her name, but allowed defendant to use it as his cell phone. Minor testified that, when she answered the cell phone, a woman asked to speak to defendant. The woman wanted to know when defendant *1168 was going to return the car he borrowed, and she threatened to call the police and give Minor's cell phone number to them.
Minor hung up the phone and woke defendant. She and defendant had an argument regarding the phone call, and defendant left. Minor then called Sprint and had the cell phone service turned off. Shortly thereafter, defendant returned and told Minor that if she did not have his cell phone turned back on, he would slap and strip her daughter, and force her daughter to walk home naked when she got off the school bus. Minor testified that she was afraid, so she ran inside her apartment and hid behind the door. Defendant then kicked the door in, and Minor ran and jumped on the sofa and "balled up."
Minor explained that defendant proceeded to punch her in the legs, but then he ran outside when he realized he had left his car parked in the street. While defendant was moving his car, Minor ran to a neighbor's house and watched what was occurring through the window. When she saw defendant walk back in the direction of her apartment building, she called the police and told them what had happened.
Later on, Minor received a call from someone at Sprint who informed her that defendant was trying to use her driver's license to have the cell phone turned back on. Minor indicated that she could hear defendant in the background. When Minor returned to her apartment, she noticed that her purse containing her driver's license, social security cards, credit cards, and money was missing. Minor testified that defendant returned her purse to her mother later on that night, and that twenty dollars was missing. She noted that defendant did not have a key to her apartment and did not have her permission to enter it.
Officer Josh Taranto of the Kenner Police Department testified that he responded to the aggravated burglary call and met with the victim who told him what had happened and that her purse was missing. Officer Taranto further testified that a neighbor saw defendant walk out of the apartment with a purse.
After the state rested, defendant testified that Minor woke him up and gave him his cell phone. After defendant talked to his girlfriend on the cell phone, he got dressed and left. While he was driving to his girlfriend's home, he realized that he had left a pair of shoes at Minor's apartment. Defendant turned around and went back. When he got there, he jumped out of the car, and Minor ran inside to the living room. Defendant claimed that he went upstairs, got the shoes, and then left. As he was leaving, he noticed that his cell phone was off.
Defendant testified that he called a 1-800 number to have the cell phone turned back on using the pass code. He denied kicking in the door, hitting Minor, taking Minor's purse, or going to a Sprint store and trying to have the phone turned back on with Minor's driver's license. He claimed that the damage to the door frame had been done in the past by police officers ramming the door.
Detective Brian McGregor of the Kenner Police Department testified for the state in rebuttal that the damage to the victim's door was "fresh," and that there were shavings of wood on the floor. McGregor further testified that he was not aware that a search had ever been conducted at Minor's residence.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, defendant challenges the sufficiency of the evidence used to convict him of aggravated burglary. He contends that the initial *1169 charge of unauthorized entry of an inhabited dwelling[3] is the more appropriate charge.
In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676, 678 (La. 1984). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." State v. Boss, 03-133 (La.App. 5 Cir. 5/28/03), 848 So.2d 75, 77, writ denied, 03-1968 (La.5/14/04), 872 So.2d 508. "[I]n cases relying on circumstantial evidence to prove one or more elements of the crime, when the fact-finder reasonably rejects the hypothesis of innocence advanced by the defendant at trial, that hypothesis fails, and the verdict stands unless the evidence suggests an alternative hypothesis sufficiently reasonable that rational jurors could not find proof of the defendant's guilt beyond a reasonable doubt." State v. Pigford, 05-0477 (La.2/22/06), 922 So.2d 517, 521.
In the instant case, defendant was convicted of aggravated burglary. LSA-R.S. 14:60 defines an aggravated burglary as the unauthorized entering of any inhabited dwelling with the intent to commit a felony or any theft therein, if the offender is armed with a dangerous weapon, or commits a battery upon any person while in such place, or while entering or leaving the place. State v. Guillard, 04-899 (La.App. 5 Cir. 4/26/05), 902 So.2d 1061, 1070, writ denied, 05-1381 (La.1/13/06), 920 So.2d 233.
On appeal, defendant contends that all of the elements of aggravated burglary, namely, the unauthorized entry, the battery, and the intent to commit a felony or theft, were not present at the time of entry into the dwelling and did not occur in a single incident. In the appellate brief, he points out that there were several separate instances of confrontation. Specifically, in the first instance, defendant was in the apartment with Minor's permission. Later he returned, entered the apartment without her permission, and hit her before leaving. He left for a short time to move his car, and when he returned, Minor was not present. It was during this third instance that defendant allegedly took Minor's purse. Defendant now argues that the elements of aggravated burglary could not be met by combining the separate instances of entry. We have reviewed the evidence and conclude that a rational trier of fact could have found that the state proved the essential elements of aggravated burglary beyond a reasonable doubt under the Jackson standard, and further that all of the elements occurred during one incident.
At trial, Minor testified that, while standing outside her apartment, defendant, who was upset, threatened to harm her daughter if she did not turn his cell phone back on. Minor further testified that she was afraid of defendant, so she ran inside and hid behind the door. Defendant kicked in the door and entered her house *1170 without her authorization. Minor then ran and jumped on the sofa and "balled up." Minor testified that defendant hit her in her legs, and then left to go move his car. As he did so, she ran out the door to a neighbor's house to escape. The fact that Minor was able to escape before she was more seriously hurt was of no consequence. Given these facts, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant, without authority, entered the victim's apartment and committed a battery upon the victim. Moreover, it is clear from these circumstances that the jury could have inferred that defendant intended to commit a felony or theft therein. See State v. Celestine, 98-1166 (La.App. 5 Cir. 3/30/99), 735 So.2d 109, writ denied, 99-1217 (La.10/8/99), 750 So.2d 178, and State v. Francis, 96-2389 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, writ denied, 98-2360 (La.2/5/99), 737 So.2d 741.
Although defendant testified at trial that he did not kick in the door, hit Minor, take Minor's purse, or try to have the cell phone turned back on using Minor's driver's license, the jury clearly rejected defendant's testimony and found the testimony of Minor and the officers to be more credible. The trier of fact can accept or reject, in whole or in part, the testimony of any witness. State v. Baker, 01-1397 (La.App. 5 Cir. 4/30/02), 816 So.2d 363, 365. It is not the function of the appellate court to evaluate the credibility of witnesses, nor to overturn the trial court on its factual determination of guilt. State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 118, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464.
In light of the foregoing, we find that a rational trier of fact could have found that the state proved the essential elements of aggravated burglary beyond a reasonable doubt under the Jackson standard. Accordingly, this assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, defendant argues his original sentence of thirty years is constitutionally excessive, as the record does not support the conclusion that he is the worst of offenders deserving of a maximum sentence. He further contends that the trial court failed to give reasons for the sentence, as is required by LSA-C.Cr.P. art. 894.1.
On June 29, 2007, after the motion for appeal was granted, a multiple bill hearing was held wherein defendant was found to be a second felony offender. The trial court vacated the original sentence and resentenced defendant to imprisonment at hard labor for sixty years without benefit of probation or suspension of sentence.[4] Therefore, defendant's arguments relative to the original sentence are moot, since the original sentence no longer exists. State v. Hanson, 00-1168 (La.App. 5 Cir. 12/13/00), 778 So.2d 43, 45.
Defendant also argues that the trial court erred in sentencing him immediately after denying his motion for new trial. LSA-C.Cr.P. art. 873 requires a twenty-four hour delay in sentencing after denial of a motion for new trial, unless defendant waives the delay. In the present case, the record shows that defendant did not waive the delay. As a general rule, when a defendant challenges a non-mandatory sentence, and the delay is not *1171 waived, the defendant's sentence must be vacated, and the matter remanded for resentencing. However, when the original sentence has been set aside at a habitual offender proceeding, as was the case here, the failure to observe the twenty-four hour delay is harmless. State v. McCloud, 04-1112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498, 505, writ denied, 05-1450 (La.1/13/06), 920 So.2d 235.
Accordingly, the arguments raised by defendant in this assigned error are without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action at this time.
For the reasons set forth herein, we affirm defendant's conviction for aggravated burglary.
CONVICTION AFFIRMED.
NOTES
[1] Defendant was also charged in the same bill of information with six other felonies that were later dismissed on March 22, 2007.
[2] Minor explained that for the previous two or three weeks, defendant, whom she had known for a long time, had been spending the night with her at the home she shared with her family.
[3] Unauthorized entry of an inhabited dwelling is defined by LSA-R.S. 14:62.3 as "the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person."
[4] It is noted that defendant has filed a second appeal from the multiple offender proceedings.