977 So.2d 142 (2008)
STATE of Louisiana
v.
Jerald J. JENKINS.
No. 07-KA-586.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*145 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Anne Wallis, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee, The State of Louisiana.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant, Jerald J. Jenkins.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
Jerald J. Jenkins appeals his adjudication as a second-felony habitual offender and the resulting sentence of sixty years at hard labor without benefit of probation or suspension of sentence. We affirm.
On March 22, 2007, Jerald J. Jenkins was convicted by a jury of one count of aggravated burglary, a violation of La.R.S. 14:60. He was later sentenced to thirty years' imprisonment at hard labor. The conviction was affirmed by this Court. State v. Jenkins, 07-423 (La.App. 5 Cir. 10/30/07), 970 So.2d 1166.
On April 13, 2007, the State filed a bill of information that alleged Jerald J. Jenkins is a second-felony offender, based on a 2002 conviction for violation of La.R.S. 40:981.3, distribution of a controlled dangerous substance within a school zone.
The defendant filed a Motion for Discovery of Habitual Offender Basis. During the hearing, defense counsel orally moved to quash the bill, alleging that the Boykin colloquy in the defendant's 2002 guilty plea was inadequate to advise him of his rights. The trial court denied the motion to quash.
Following a hearing, the trial court found the defendant to be a second felony offender, vacated the original sentence, and resentenced the defendant to imprisonment at hard labor for sixty *146 years without benefit of probation or suspension of sentence. The defendant has appealed the habitual offender adjudication and sentence.
FACTS
At the habitual offender hearing, the State claimed that the defendant had one prior conviction. The habitual offender bill indicates that on August 14, 2002, the defendant pleaded guilty to violation of La.R.S. 40:81.3, "distribution within a school zone."[1]
Lieutenant Luis Munguia of the Jefferson Parish Sheriff's Office identified the defendant in open court. He testified that the fingerprints he took from the defendant on the date of the habitual offender hearing matched the fingerprints from the defendant's prior conviction. In addition, the State introduced the transcripts of the Boykin colloquy from the defendant's 2002 conviction, as well as an excerpt from the transcript of his trial for aggravated burglary. At the trial, in response to cross examination he admitted he had pleaded guilty to a charge of distribution of cocaine within 1,000 feet of a school zone on the same day he pleaded guilty to another charge of distribution of cocaine and a charge of possession of marijuana.
ASSIGNMENT OF ERROR NUMBER ONE
In his only assignment of error, the defendant asserts the trial court imposed an illegal sentence.
The defendant argues his habitual offender sentence is illegal because his Boykin examination in 2002 was defective, the sentence is excessive, and the trial court did not give reasons for imposition of the sentence.
The defendant claims the Boykin colloquy from his 2002 conviction is incomplete because it does not contain an explanation of his habitual offender rights.[2] He asserts the trial court erred in accepting his 2002 guilty plea in the habitual offender adjudication because the State failed to prove his 2002 guilty plea was informed, was free and voluntary, and was made with an articulated waiver of his constitutional rights.
The State argues it presented adequate evidence to show that the defendant was advised of his Boykin rights during the predicate guilty plea.
To prove that a defendant is a habitual offender, the State must establish by competent evidence the prior felony conviction and that defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Smith, 99-1395, p. 3 (La.App. 5 Cir. 4/25/00), 760 So.2d 506, 509, writ denied, 00-1604 (La.6/15/01), 793 So.2d 1233. The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior proceedings, or photographs contained in a duly-authenticated record. State v. Brown, 514 So.2d 99, 106 (La.1987); State v. Baker, 00-1050, p. 7 (La.App. 5 Cir. 11/15/00), 776 So.2d 1212, 1216-17, writ denied, 01-44 (La.11/16/01), 802 So.2d 621.
*147 The Habitual Offender Act does not require the State to use a specific type of evidence in order to carry its burden at the hearing. State v. Payton, 2000-2899, p. 8 (La.3/15/02), 810 So.2d 1127, 1132. The prior convictions may be proven by any competent evidence. Id.
When the defendant's habitual offender status is based on a guilty plea in a prior conviction, the State has the burden of proving the existence of the guilty plea and that the defendant was represented by counsel when it was taken. State v. Shelton, 621 So.2d 769, 779 (La.1993); State v. Muhammad, 03-419, p. 3 (La.App. 5 Cir. 6/29/04), 880 So.2d 29, 32, writ denied, 04-2082 (La.1/7/05), 891 So.2d 669. If the State meets its burden, the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity. Id.
If the defendant meets his burden, the burden shifts back to the State to prove the constitutionality of the plea by producing a perfect transcript, which shows the defendant's waiver of his Boykin constitutional rights was voluntary, informed, and express. Shelton, 621 So.2d at 779; Muhammad, 03-419 at pp. 3-4, 880 So.2d at 32. If the State produces anything less than a perfect transcript, i.e., a guilty plea form, minute entry, or imperfect transcript, the trial judge must weigh the evidence, in order to determine whether the defendant's prior plea was knowing and voluntary. Shelton, 621 So.2d at 780; Muhammad, 03-419 at p. 4, 880 So.2d at 32.
In the present case, the State established the defendant's second-offender status by competent evidence.
Although the defendant's 2002 plea colloquy does not mention specifically his right to remain silent, the failure of the trial court to advise the defendant of his right to remain silent is considered harmless error where the defendant's multiple offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant. State v. Knight, 01-881, p. 4 (La.App. 5 Cir. 2/13/02), 811 So.2d 947, 949. Therefore, the failure of the trial court to specifically mention the right to remain silent in the 2002 plea colloquy was harmless error, since the defendant's second offender status was proven in the multiple offender hearing by competent evidence.
The 2002 guilty plea colloquy reveals that the defendant was adequately advised of his Boykin rights, i.e., the rights to trial by jury, against self-incrimination, and to confront his accusers. In addition, the 2002 Boykin colloquy indicates the defendant answered affirmatively when asked if he had read the guilty plea form and if his attorney had explained it to him. The record also indicates that the trial court advised the defendant of the nature of the charges against him and the consequences of a guilty plea, and that defendant indicated he understood them. Accordingly, the trial court properly denied the defendant's motion to quash. We find no error in the trial court's determination that the defendant is a second offender.
Failure to state reason for habitual offender sentence
The defendant argues the trial court failed to articulate the reasons for the imposition of his habitual offender sentence as required by La.C.Cr.P. art. 894.1 and La.R.S. 15:529.1(D)(3). The defendant claims that in imposing his habitual offender sentence, the trial court failed to follow the sentencing guidelines in La.C.Cr.P. art. 894.1, including consideration of any mitigating circumstances.
The State argues the defendant has failed to preserve for appellate review the *148 trial court's failure to provide reasons for the imposition of his sentence pursuant to La.C.Cr.P. art. 894.1. Alternatively, the State contends the trial court did not abuse its discretion based upon the record.
The defendant's argument concerning sentencing guidelines in La. C.Cr.P. art. 894.1 is misplaced. Compliance with sentencing guidelines pursuant to La.C.Cr.P. art. 894.1 is not required when the sentence imposed is statutorily prescribed under the Habitual Offender Law. State v. Johnson, 01-0842, p. 18 (La. App. 5 Cir. 2/13/02), 812 So.2d 106, 118, writ denied, 02-1037 (La.3/21/03), 840 So.2d 532.
The defendant claims the trial judge erred by failing to provide reasons for determining his habitual offender status, as required by La.R.S. 15:529.1(D)(3), before imposing the enhanced sentence. However, the trial court gave oral reasons in support of its finding the defendant was a second felony offender. Although La. R.S. 15:529.1(D)(3) requires the trial court to provide written reasons for its determination that the defendant is a habitual offender, in this case the trial court's reasons were transcribed and are a part of the record. Therefore, any failure to supply written reasons is harmless error. State v. Neal, 00-41, pp. 3-4 (La.App. 5 Cir. 5/30/00), 762 So.2d 281, 283.
Excessive Sentence
The defendant argues his 60-year sentence is excessive because "nothing in this record warrants the conclusions that he is the worst of offenders deserving such a harsh sentence."
The State argues that the record supports the defendant's sentence. The defendant struck the victim, and took her purse and money. The State notes the defendant's predicate offense for distribution of drugs within a school zone took place only two years prior to the aggravated burglary, and that he also admitted to a conviction for possession of marijuana.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Crawford, 05-494, p. 6 (La.App. 5 Cir. 1/31/06), 922 So.2d 666, 669.
Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Smith, 2001-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4.
A trial court is afforded great discretion in determining sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. La.C.Cr.P. art. 881.4(D); Smith, 2001-2574 at p. 6, 839 So.2d at 4. In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. Lobato, 603 So.2d at 751; Crawford, 05-494 at p. 6, 922 So.2d at 669.
The three factors that are considered in reviewing a trial court's sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. *149 State v. Telsee, 425 So.2d 1251, 1253-1254 (La.1983); Crawford, 05-494 at p. 8, 922 So.2d at 670. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Crawford, 05-494 at p. 8, 922 So.2d at 670-71.
The defendant in this case was convicted of aggravated burglary. After his multiple offender adjudication, the trial court imposed a sentence of imprisonment at hard labor for 60 years without benefit of probation or suspension of sentence. The penalty for a conviction of aggravated burglary is imprisonment at hard labor for not less than one nor more than thirty years. La. R.S. 14:60.
Pursuant to La.R.S. 15:529.1 A(1)(a), as a second-felony offender the defendant faced a possible sentence of imprisonment at hard labor of not less than 15 years and not more than 60 years. State v. Loyd, 35,637, p. 15 (La.App. 2 Cir. 2/27/02), 810 So.2d 1214, 1224, writ denied, 02-1159 (La.4/21/03), 841 So.2d 779. In addition, the defendant's sentence was required by La.R.S. 15:529.1(G) to be imposed without benefit of probation or suspension of sentence. Id. Thus, the defendant received the maximum sentence.
As pointed out by the State, the defendant has two prior drug convictions, one for possession of marijuana and one for distribution of cocaine within a school zone. The distribution of cocaine within a school zone took place only two years prior to this offense, it is a heinous offense endangering children. Further, in committing the aggravated burglary, the defendant struck the victim and took her purse as well as the money inside the purse.
The defendant has made no showing of exceptional circumstances sufficient to justify a downward departure from the maximum sentence. See Davis, 00-1753 at p. 5, 786 So.2d at 839. Therefore, we find no abuse of the discretion afforded the trial court in sentencing.
Assigned Errors Relating To Underlying Conviction
The defendant also claims the trial court failed to give reasons for imposing his original sentence and erred in not observing the 24-hour delay before sentencing him. These alleged errors are moot because the defendant's original sentence was vacated at the habitual offender hearing. State v. Parker, 00-1365, p. 5 (La. App. 5 Cir. 1/30/01), 778 So.2d 1167, 1169, writ denied, 01-615 (La.2/22/02), 809 So.2d 981.
ERROR PATENT DISCUSSION
We find one patent error in the record.[3] There is a discrepancy between the commitment/minute entry and the sentencing transcript. The habitual offender commitment/minute entry states the trial court informed the defendant he had "two (2) years after judgement [sic] of conviction and sentence has become final to seek post-conviction relief." However, the transcript of the habitual offender proceeding indicates the trial court informed the defendant he had "two years from the date your sentence becomes final, to file post conviction relief applications."
When there is a discrepancy between the transcript and the minutes, the transcript governs. State v. Lynch, 441 So.2d 732, 734 (La.1983).
La.C.Cr.P. art. 930.8(A) states that a defendant has two years after the judgment *150 of conviction and sentence has become final to file for post-conviction relief. Hence, the defendant received an incomplete advisal of his rights. State v. Tran, 05-518, p. 11 (La.App. 5 Cir. 12/27/05), 919 So.2d 787, 795. Accordingly, we shall remand the case and order the district court to inform the defendant of the appropriate prescriptive period for filing for post-conviction relief. State v. Simmons, 03-20, p. 22 (La.App. 5 Cir. 4/29/03), 845 So.2d 1249, 1263.
For the foregoing reasons, the habitual offender adjudication and sentence are affirmed. The case is remanded and the district court is ordered to inform the defendant of the appropriate prescriptive period for filing for post-conviction relief, by sending appropriate written notice to the defendant within ten days of the rendition of this Court's opinion and by filing written proof that the defendant received the notice in the record.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] The facts pertaining to the defendant's trial and original sentencing on the aggravated burglary charge are set out in State v. Jenkins, 07-423 (La.App. 5 Cir. 10/30/07), 970 So.2d 1166.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The three core rights enumerated in Boykin are (1) the right to trial by jury, (2) the defendant's privilege against self-incrimination, and (3) the right to confront his accusers. State v. Robinson, 02-1253, p. 12 (La.App. 5 Cir. 4/8/03), 846 So.2d 76, 85, writ denied, 03-1361 (La. 11/26/03), 860 So.2d 1131.
[3] This Court routinely reviews records for patent error, pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990),