ROTHSCHILD, Judge.
 

 i
 
 statement of the case
 

 This is the second appeal in this case filed by defendant, John E. Murphy. Defendant was convicted by a Jefferson Parish jury of possession of clonazepam, a violation of LSA-R.S. 40:969 C. On March 20, 2009, the trial court sentenced defendant to four years at hard labor. This Court affirmed the conviction and sentence on appeal.
 
 State v. Murphy,
 
 09-432 (La.App. 5 Cir. 11/24/09), 28 So.3d 496.
 

 On June 12, 2009, the State filed a habitual offender bill of information alleging defendant to be a fourth felony offender. On the same day, defendant was advised of the allegations in the habitual offender bill, and he denied them. Defendant also filed a written response and objection to the habitual offender bill.
 

 The trial court held a habitual offender hearing on July 10, 2009, and found defendant to be a fourth felony offender. The court vacated defendant’s original ^sentence and imposed an enhanced sentence of 30 years at hard labor, without benefit of probation or suspension of sentence.
 

 DISCUSSION
 

 In his first assignment of error, defendant argues that the trial court erred in finding him to be a fourth felony offender, because the State failed to provide sufficient proof of identity as to the alleged predicate conviction in district court case number 97-0414. The State responds that the documentation it produced with respect to case number 97-0414 was sufficient to prove identity when viewed in conjunction with the evidence of the remaining predicate convictions.
 

 In the instant case, the State alleged the following predicate convictions in the habitual offender bill of information: 1) a guilty plea to possession of cocaine (LSA-R.S.40:967 C) on October 26, 1995, in case number 95-3807, for which he was sentenced to two years at hard labor; 2) a guilty plea to theft in the amount of $500 or more (LSA-R.S.14:67) on September 11, 1997, in case number 97-0414, for which defendant was sentenced to five years at hard labor; 3) a guilty plea to distribution of cocaine within 1,000 feet of a church (LSA-R.S.40:981.3) and distribution of counterfeit cocaine (LSA-R.S.40:971.1) on December 4, 2002, in case number 02-5399, for which he was sentenced to 10 years at hard labor; 4) a guilty plea to distribution of cocaine within 1,000 feet of a church and distribution of counterfeit cocaine on December 4, 2002,
 
 *889
 
 in case number 02-5576, for which he was sentenced to ten years at hard labor; and 5) a guilty plea to distribution of cocaine within 1,000 feet of a church on December 4, 2002, in case number 02-5691, for which he was sentenced to 10 years at hard labor.
 
 [1]
 

 | ⅜At the habitual offender hearing on July 10, 2009, the State introduced the testimony of Deputy Chad Pitfield, an expert in the comparison and analysis of latent fingerprints. Deputy Pitfield identified State’s Exhibit 1 as a card containing a set of fingerprints he had obtained from defendant that day in the courtroom.
 

 Deputy Pitfield testified that he compared the fingerprints on State’s Exhibit 1 with those on the certified copy of the bill of information in case number 95-3807. He concluded that the prints on both documents were made by the same person. Deputy Pitfield compared the fingerprints on State’s Exhibit 1 with those on certified copies of the bills of information in case numbers 02-5399, 02-5576, and 02-5691, which were part of State’s Exhibits 4, 5, and 6 respectively, and he concluded that these prints were made by the same person. Deputy Pitfield was also shown State’s Exhibit 3, which contained certified copies of documents in case number 97-0414, including the bill of information, the habitual offender bill of information, the habitual offender waiver of rights form, and a minute entry pertaining to the habitual offender guilty plea. He noted that none of those documents contained a set of fingerprints. Defense counsel objected to the admission of State’s Exhibit 3, arguing that it did not contain fingerprints for comparison. The trial court ruled that the exhibit was admissible, and that the lack of fingerprints on the documents went to the weight of the evidence, not the admissibility-
 

 After hearing arguments on the matter, the trial court found that defendant was a fourth felony offender.
 

 In order to prove that a defendant is a habitual offender, the State must establish by competent evidence the defendant’s prior felony convictions, and that the defendant is the same person who was convicted of the prior felonies.
 
 State v. Jenkins,
 
 07-586, p. 4 (La.App. 5 Cir. 1/22/08), 977 So.2d 142, 146. The Habitual 1 ^Offender Law, LSA-R.S. 15:529.1, does not require the State to use a specific type of evidence in order to carry its burden of proof.
 
 State v. Payton,
 
 00-2899, p. 8 (La.3/15/02), 810 So.2d 1127, 1132.
 
 Jenkins,
 
 07-586 at 4, 977 So.2d at 147. The defendant’s prior convictions may be proven by any competent evidence.
 
 Id.
 

 The defendant’s identity as the same person convicted of a prior felony offense may be shown by a variety of methods, including the testimony of witnesses, fingerprint analysis by an expert, photographs contained in a duly authenticated record, or evidence of identical driver’s license number, sex, race, and date of birth.
 
 State v. Curtis,
 
 338 So.2d 662, 664 (La.1972);
 
 State v. Henry,
 
 96-1280, p. 7 (La.App. 4 Cir. 3/11/98), 709 So.2d 322, 326,
 
 writ denied,
 
 99-2642 (La.3/24/00), 758 So.2d 143. Merely establishing that the defendant’s name and that of the person previously convicted are the same is not sufficient evidence of identity under LSA-R.S. 15:529.1.
 
 Id.
 

 
 *890
 
 The documents in State’s Exhibit 3 were all filed in case number 97-0414, which is the predicate conviction disputed by defendant. Although State’s Exhibit 3 does not contain a set of fingerprints or a photograph for comparison, there is other competent information in this exhibit to identify defendant as the person convicted in case number 97-0414. The name on the bill of information and other documents in State’s Exhibit 3, John Murphy, is the same as the name on the bills of information in each of the exhibits that were identified by Deputy Pitfield. Also, the date of birth (11/28/72) on the bill of information in State’s Exhibit 3 is the same as the date of birth on the exhibits identified by the deputy. Further, the certified copies of the habitual offender bill of information and waiver of rights form in State’s Exhibit 3 indicate that the defendant in case number 97-0414 admitted to being the same person who was convicted in case number 95-3807, which is a predicate conviction in the present case for which the State offered fingerprint documentation.
 

 In
 
 State v. Westbrook,
 
 392 So.2d 1043, 1045 (La.1980), which involved a conviction for driving while intoxicated (D.W.I.), the Louisiana Supreme Court found that documentation of the defendant’s name, driver’s license number, sex, race, and date of birth was sufficient evidence for the State to carry its burden of proving that this defendant was the same person previously convicted of D.W.I.
 

 In
 
 State v. Neville,
 
 96-0137, p. 8 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, 539,
 
 writ denied,
 
 97-1637 (La.12/12/97), 704 So.2d 1180, the evidence was found sufficient to support the defendant’s adjudication as fourth felony offender, although the State did not submit fingerprint or photographic evidence as to one of the predicate convictions. The court found it was sufficient that the arrest registers pertaining to all three prior convictions showed the same name, date of birth, address, and social security number.
 

 Similarly, in
 
 State v. Henry,
 
 96-1280 at 8, 709 So.2d at 326, the Fourth Circuit found the State provided sufficient proof of identity as to a predicate conviction alleged in the habitual offender bill, despite its failure to produce fingerprints or a photograph. The court noted that the certified copy of the conviction bore the same Bureau of Identification Number, physical description, birth date, and social security number as the two predicate convictions for which the State did produce fingerprints.
 

 In the present case, Deputy Pitfield testified that the fingerprints taken from defendant on the date of the hearing in this case and the fingerprints of the defendant in case number 95-3807 were made by the same person. The certified documents from case number 97-0414 indicate that the defendant in that case admitted to being the same person who pled guilty in case number 95-3807. This information, along with the matching name and birth dates on the bills of information, is sufficient to establish that defendant is the same person who pled guilty in case number 97-0414.
 

 ^Accordingly, based on the pertinent law, jurisprudence, and the facts and circumstances before us, we find no error in the trial judge’s determination that defendant is a fourth felony offender.
 

 In his second assignment of error, defendant complains that his 30-year habitual offender sentence is unconstitutionally excessive, considering that the underlying offense, possession of clonazepam, was relatively minor. In response, the State claims that the sentence is appropriate, considering that defendant had several prior convictions for narcotics distribution,
 
 *891
 
 which demonstrates he is a habitual drug dealer.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. Warmack,
 
 07-311, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and' the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice.
 
 Id.
 
 The trial judge is afforded wide discretion in determining sentence, and the court of appeal will not set aside a sentence absent a clear abuse of the trial court’s discretion.
 
 State v. Brown,
 
 04-230, p. 4 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 902. Accordingly, the relevant question on appeal is whether the trial court abused its broad sentencing discretion, and not whether another sentence might have been more appropriate.
 
 State v. Cook,
 
 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
 

 At the time of the underlying offense in this case, the sentencing range for possession of clonazepam was not more than five years. LSA-R.S. 40:969 C(2). |sAs a fourth felony offender whose underlying conviction was not for a crime of violence, defendant was subject to a sentencing range of 20 years to life in prison. LSA-R.S. 15:529.1 A(l)(e)(i).
 

 At the time of sentencing, the trial judge noted that LSA-R.S. 15:529.1 B was amended to provide that multiple convictions obtained on the same day pri- or to October 19, 2004 count as only one conviction for purposes of multiple offender proceedings. On December 4, 2002, defendant entered guilty pleas to drug distribution charges in three cases, but they counted as one conviction for multiple bill purposes. The trial judge also stated that he felt the 30-year sentence was appropriate based on defendant’s criminal record, and that a lesser sentence would deprecate the seriousness of that record.
 

 Defendant’s prior convictions show a continuing pattern of drug distribution that was not forestalled by previous convictions and terms of imprisonment. Based on the record before us, we find that the trial court did not abuse its broad discretion in imposing the 30-year sentence. Accordingly, this assignment of error is without merit.
 

 ERRORS PATENT
 

 This Court performed an errors patent review of the original record in this case at the time of defendant’s first appeal. He is now entitled to an error patent review of only the habitual offender proceedings.
 
 State v. Yrle,
 
 05-202, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1197, 1200. Our review did not reveal any errors requiring corrective action.
 

 DECREE
 

 For the foregoing reasons, we affirm defendant’s adjudication as a fourth felony offender and his 30-year sentence.
 

 AFFIRMED.
 

 [1]
 

 . LSA-R.S. 15:529.1 B was amended by 2005 La. Acts No. 218, § 1 to provide that "[m’Julti-ple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section.” The effective date of this amendment was August 15, 2005. Since defendant’s three 2002 convictions were obtained on the same day, they count as one conviction for purposes of the habitual offender bill.