SUSAN M. CHEHARDY, Judge.
12This is defendant, Terrance Mosley’s, third appeal to this Court. In this appeal, defendant seeks review of his habitual offender adjudication and enhanced sentence of life in prison.
In his first appeal to this Court, we affirmed his underlying conviction for possession with intent to distribute marijuana, a violation of La. R.S. 40:966(A), and underlying sentence of 25 years at hard labor.[1] State v. Mosley, 08-1318 (La.App. 5 Cir. 5/12/09), 13 So.3d 705, writ denied, 09-1316 (La.3/15/10), 28 So.3d 1002.
After defendant’s conviction, the State, on August 8, 2008, filed a bill of information alleging that defendant was a third felony offender. On August 25, 2008, the trial court found that defendant was a third felony offender, vacated his underlying sentence of 25 years, and imposed an enhanced sentence of life imprisonment without benefit of probation or suspension of sentence.
In his second appeal to this Court, defendant appealed his habitual offender status and sentence. In that appeal, this Court, on error patent review, found that 13the trial court erred in finding that the defendant was a third felony offender because the State failed to prove that the cleansing period had not lapsed between defendant’s predicate and underlying offenses. State v. Mosley, 08-1319 (La.App. 5 Cir. 5/26/09), 16 So.3d 398. Based upon that finding, this Court vacated the habitual offender finding and sentence, reinstated defendant’s original 25-year sentence, and remanded for further proceedings. Id., 08-1319 at 10, 16 So.3d at 404.
On July 23, 2009, the trial court held the second habitual offender hearing. At the hearing, the trial court found that the State had proven that defendant was a third felony offender. The judge, thereafter, vacated defendant’s original 25-year sentence and imposed an enhanced sentence of life imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant appeals the adjudication and sentence.

DISCUSSION

In his first assignment of error, defendant argues that the trial court erred by failing to find that the predicate offenses on the multiple offender bill of information did not sufficiently inform the defendant of his right to cross-examine and confront the witnesses against him as mandated by La. C.Cr.P. art. 556.1. He specifically argues *695 that his two predicate convictions were infirm because the trial court in both cases failed to properly advise him of his constitutional right of confrontation in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969),[2] and La.C.Cr.P. art. 556.1.[3]
I/The State responds that the evidence produced at the habitual offender hearing was sufficient to show that the two predicate guilty pleas were knowingly and voluntarily made, and the language used in the guilty plea forms adhered to the dictates of Boykin. The State further responds that La.C.Cr.P. art. 556.1 is not applicable to defendant’s predicate guilty pleas, which were entered before the article was enacted by 1997 La. Acts, No. 1061, § 1 and became effective on August 15,1997.[4]
At the second hearing to prove defendant’s multiple offender status, the State introduced the following exhibits: the curriculum vitae of the fingerprint expert; a fingerprint card containing defendant’s fingerprints; and certified copies of defendant’s two predicate convictions in case nos. 95-5719 and 97-1488. Furthermore, at that hearing, defendant stipulated that he was the same person who was convicted of the two predicate felonies alleged in the habitual offender bill. Additionally, the parties stipulated that less than ten years had passed between defendant’s release from state custody on the second predicate offense and the commission of the underlying offense. .
Defendant, however, objected to both predicate convictions in the habitual offender bill, on the basis that, in both cases, the district court failed to advise him of his right of confrontation before accepting his guilty pleas. He makes the same argument on appeal.
When a defendant’s habitual offender status is based on convictions obtained by guilty pleas, the State has the burden of proving the existence of the guilty pleas and that defendant was represented by counsel when the guilty pleas |fiwere offered. State v. Shelton, 621 So.2d 769, 779 (La.1993); State v. Jenkins, 07-586, pp. 4-5, (La.App. 5 Cir. 1/22/08), 977 So.2d 142, 147. If the State meets its burden of proof, the burden shifts to the defendant to produce some affirmative evidence of an infringement of his rights or a procedural irregularity. State v. Shelton, supra; State v. Jenkins, 07-586 at 5, 977 So.2d at 147.
If the defendant meets his burden or irregularity or infringement, the burden shifts back to the State to prove the constitutionality of the plea by producing a “per- *696 feet transcript,” which shows the defendant’s waiver of his Boykin rights was voluntary, informed, and express. Shelton, 621 So.2d at 779-80; Jenkins, supra. If the State produces anything less than a perfect transcript — such as a guilty plea form, a minute entry, or an imperfect transcript — the trial judge must weigh the evidence to determine whether the defendant’s prior guilty plea was both knowing and voluntary. Shelton, 621 So.2d at 780; Jenkins, supra.
As the State points out in its brief, this Court has recently addressed this issue. In State v. Otero, 09-468 (La.App. 5 Cir. 1/26/10), 31 So.3d 1125, writ denied, (La.9/24/10), 45 So.3d 1072, the defendant challenged his status as a third offender on grounds that he was not advised of his right to cross-examine witnesses against him in connection with his two predicate guilty pleas. Following the supreme court’s reasoning in State v. Mendenhall, 06-1407 (La.12/8/06), 944 So.2d 560 (per curiam),[5] and State v. Smallwood, 06-2363 (La.5/18/07), 955 So.2d 1264,[6] this Court found that the defendant failed to show any irregularity in the predicate guilty pleas, since the guilty plea forms showed both the defendant’s attorney and the trial court advised the defendant of his right to confront his | ^accusers, and the right of confrontation encompasses the right to conduct cross-examination at trial. Otero, 09-468 at 6-7, 31 So.3d at 1130.
Applying those precepts to this case, we find that the State met its initial burden at the second habitual offender hearing by introducing certified copies of defendant’s predicate convictions. The certified copies for each conviction contained a Waiver of Constitutional Rights Plea of Guilty form signed by defendant, his attorney, and the trial judge. Thus, the State established the existence of two prior guilty pleas in which defendant was represented by counsel.
Under Shelton, the burden then shifted to defendant to show an irregularity or infringement in the prior pleas. Defendant argued, and continues to argue on appeal, that the guilty plea form did not contain language to “specifically provide notice to the defendant of his right to confront and cross examine witnesses” against him.
Upon review, we notice that the guilty plea forms used in both of his predicate convictions are identical. The forms explain, in part, that by pleading guilty to the charged offenses, the defendant is giving up his right to “force the District Attorney to call witnesses who, under oath, would have to testify against me at trial; and to have my attorney ask questions of each of those witnesses.” The certified copies introduced at the multiple offender hearing show that defendant placed his initials (T.M.) next to that statement on both forms. Further, he signed both forms at the bottom, indicating he understood his rights and wished to waive them. We cannot say that the language pointed to by defendant shows an irregularity or infringement in the prior pleas. Based on the foregoing, we find no error in the trial *697 court’s ruling that defendant’s predicate guilty pleas could be used to enhance the penalty for his underlying conviction.
|7In his second assignment of error, defendant argues that the sentence imposed by the trial court is unconstitutionally excessive and the trial court failed to comply with the requirements of La. C.Cr.P. art. 894.1. Because we find no ruling on the timely-fíled motion to reconsider in the record, we pretermit discussion of this assignment.
During our review of this record for errors patent, we noted that the record does not contain a ruling on defendant’s written motion to reconsider sentence. On or about July 28, 2009, defendant filed a motion to reconsider sentence, which was scheduled for hearing on September 21, 2009. Unfortunately, the transcript of that proceeding does not reflect a ruling on the motion to reconsider. It reflects only that the court called the case and that defendant’s attorney could not be located. There is no written judgment in the appellate record. Although there is a conflicting minute entry for that day, which reflects that the court denied the motion, it is well settled that the transcript controls when there is a conflict between it and the minute entry.
La.C.Cr.P. art. 881.4 provides that if it is “necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the district court with instructions to supplement the record or to hold an evidentiary hearing.” Ordinarily, where an appellant alleges a sentencing error on appeal along with one or more additional errors, and where the trial court has failed to rule on the appellant’s timely motion to reconsider sentence, this Court has ruled on the merits of the other assignments and remanded for a ruling on the outstanding motion.
In State v. Winfrey, 97-427, pp. 31-32 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 81, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481, the defendant filed a motion to reconsider his 100-year habitual offender sentence, which was still ^pending at the time he filed his appeal. On appeal, defendant claimed that the sentence was excessive. This Court held it would be premature to rule on the excessiveness issue while a timely-filed motion to reconsider sentence was pending, and remanded the case for a ruling.
In State v. Bolden, 03-266 (La.App. 5 Cir. 7/29/03), 852 So.2d 1050, the defendant raised several assignments of error on appeal, including an excessive sentence claim. This Court recognized that neither the transcript nor the commitment reflected that the trial judge had ruled on the defendant’s motion to reconsider sentence. This Court affirmed the defendant’s convictions and remanded the case for a ruling on the timely motion to reconsider. This Court instructed:
If the motion to reconsider is granted and defendant is re-sentenced, he may appeal the new sentence. If the motion is denied or if it has already been ruled on, defendant must move to re-lodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
Bolden, 03-0266 at 22, 852 So.2d at 1065. See also, State v. Williams, 04-1309, pp. 18-19 (La.App.4/26/05), 902 So.2d 485, 498, writs denied, 05-1640 (La.2/3/06), 922 So.2d 1173, and 05-1640 (La.2/3/06), 924 So.2d 144, 924 So.2d 144; State v. Evans, 02-1108, pp. 5-6 (La.App. 5 Cir. 3/11/03), 844 So.2d 111, 114. Accordingly, we affirm defendant’s habitual offender adjudication but remand the matter for a ruling on defendant’s motion to reconsider sentence. Furthermore,
*698 If the motion to reconsider is granted and defendant is re-sentenced, he may appeal the new sentence. If the motion is denied or if it has already been ruled on [and defendant wants to appeal his life sentence], defendant must move to re-lodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
Bolden, 03-0266 at 22, 852 So.2d at 1065.

AFFIRMED; REMANDED.

. Because this appeal seeks review of defendant’s multiple offender adjudication and sentence only, the facts of the underlying offense will not be repeated in this opinion. The underlying facts in this case can be found at State v. Mosley, 08-1318 at 3-5, 13 So.3d at 708-09.

. Boykin requires that in order for a guilty plea to be valid, the defendant must first be advised of his constitutional rights to a jury trial and confrontation, and his privilege against self-incrimination. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85, 89 (1971).

. La.C.Cr.P. art. 556.1 A(3) provides, in part, that a court "shall not” accept a guilty plea without first informing the defendant that "he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.”

.With regard to the State's argument that La.C.Cr.P. art. 556.1 did not apply retroactively to defendant's 95 and 1997 guilty pleas, Article 556.1 A(3) is a codification of the Boykin criteria, which certainly applied to defendant's two predicate guilty pleas. See State v. Brown, 99-598, p. 13 (La.App. 5 Cir. 12/15/99), 750 So.2d 262, 270 ("[Tjhis Court has held that a review of the trial court’s compliance with La.C.Cr.P. art. 556.1 encompasses the issue of whether the defendant was properly 'Boykinized.' ").

. The Louisiana Supreme Court found that the trial court sufficiently advised a defendant of his right to confrontation, where the judge informed the defendant, “The state would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state’s witnesses at a trial.”

. The Louisiana Supreme Court held that the trial judge’s statement to defendant that the state "would have to prove its case beyond a reasonable doubt and that his attorney would have the opportunity to cross-examine the state's witnesses at trial” was sufficient to advise the defendant of his right of confrontation.