FREDERICKS. HOMBERG WICKER, Judge.
 

 |2In this criminal proceeding, defendant Devon Milton appeals his conviction and sentence for battery with a dangerous
 
 *130
 
 weapon. The defendant contends that the trial court erred in imposing an excessive sentence. The defendant additionally contends that the trial court failed to consider aggravating and mitigating facts in imposing his sentence and that his trial counsel was ineffective for failing to file a motion to reconsider sentence. We affirm the defendant’s conviction and sentence.
 

 PROCEDURAL HISTORY
 

 The defendant was charged by bill of information with one count of battery with a dangerous weapon, to wit, a beer bottle, a violation of La. R.S. 14:34. The defendant pleaded not guilty at arraignment. This matter was tried before a jury. After the trial had concluded, the jury found the defendant guilty as charged.
 

 On August 14, 2009, the trial court sentenced the defendant to ten years at hard labor with credit for time served. The state subsequently filed a multiple offender bill of information alleging the defendant to be a third felony offender. |sOn August 25, 2009, the defendant admitted to the allegations contained in the multiple bill. That same day, the trial court vacated the previously imposed sentence of ten years at hard labor and resentenced the defendant to a negotiated sentence of twelve years imprisonment at hard labor without benefit of probation or suspension of sentence. This timely appeal followed. The habitual offender proceeding and sentence is not the subject of this appeal.
 

 FACTS
 

 On February 28, 2009, the defendant was celebrating his birthday at the Gator Bait Tavern, a nightclub located at 1215 Porter Street in Gretna, Louisiana. On that date, Darrick Barnes was employed by the Gator Bait Tavern as a bouncer. Mr. Barnes had previously served eight years in the United States Marine Corps and had worked as a correctional officer at the Bridge City Center for Youth.
 

 Mr. Barnes testified that in the early morning hours of February 28, 2009, he was wearing a black shirt with yellow letters identifying him as Gator Bait Tavern security. Mr. Barnes further testified that as he “pretended to pass the defendant,” the defendant told him “you got me f — ed up eye-balling me.” Mr. Barnes was sure the defendant was the person who told him “you got me f — ed up eye-balling me” because he saw the defendant make eye contact with him and make the statement. Mr. Barnes thereafter ordered the defendant to proceed outside and calm down. As Mr. Barnes attempted to talk to the defendant, the defendant told him “F — , I say what I want, do what I want.” Mr. Barnes testified that the defendant also made “threats” to him. Both Mr. Barnes and the defendant proceeded to the Gator Bait Tavern exit. According to Mr. Barnes, before the pair reached the exit, and while the defendant was in front of him, the defendant “swung around and hit [him] with a beer bottle.” The strike caused a gash on Mr. Barnes’s forehead that took ten stitches to close. Mr. Barnes testified that he was |4absolutely sure that it was the defendant that had struck him in the head and that he saw the bottle in the defendant’s hand as the defendant was about to strike him. Mr. Barnes also noted that the beer bottle was green and the bottom of the bottle struck him in the forehead.
 

 Mr. Barnes testified that after the defendant struck him with the beer bottle, he and the defendant fell to the ground and began punching each other. Another Gator Bait Tavern security guard thereafter separated the pair. Mr. Barnes observed Detective Tris Lear place the defendant in handcuffs. As he was being escorted away, the defendant continued to yell profanities at Mr. Barnes.
 

 
 *131
 
 Detective Tris Lear of the Gretna Police Department testified that he was on detail assignment at the Gator Bait Tavern on the morning of February 28, 2009. According to Detective Lear, patrons of the Gator Bait Tavern told him that a fight was taking place inside the bar. Detective Lear attempted to enter the bar, but as he attempted to do so, the defendant and Mr. Barnes moved outside. Detective Lear informed Mr. Barnes and the defendant that he was conducting an inquiry as to disturbing the peace by fighting and gave Mr. Barnes and the defendant
 
 Miranda
 
 warnings. Mr. Barnes told Detective Lear that the defendant had struck him with a beer bottle and that the defendant had been cursing at several bar patrons and himself. Detective Lear attempted to interview the defendant, but was unable to do so because the defendant was “too irate.” Detective Lear heard the defendant say that he was going to kill Mr. Barnes and that Mr. Barnes “didn’t know who he was playin’ with.” Detective Lear described the defendant as acting “very hostile.”
 

 Dramon Mitchell testified that on February 28, 2009, he was with the defendant celebrating his birthday at the Gator Bait Tavern. Before proceeding to the Gator Bait, Mr. Mitchell, Mr. Mitchell’s wife, and the defendant attended a [ ¿¡birthday party at the defendant’s sister’s house. Mr. Mitchell recalled that alcohol was served at the party but could not recall whether the defendant consumed any.
 

 Prior to the altercation at the Gator Bait Tavern, Mr. Mitchell saw Mr. Barnes approach the defendant. Mr. Mitchell testified that he saw the defendant and Mr. Barnes engaged in a conversation. However, Mr. Mitchell could not hear the conversation between Mr. Barnes and the defendant because the music inside the Gator Bait Tavern was loud. Mr. Mitchell recalled that Mr. Barnes approached the defendant for a second time, grabbed him in a “bear hug,” and slammed him to the ground. Mr. Mitchell testified that Detective Lear did not interview him. Mr. Mitchell additionally testified that he did not know how Mr. Barnes was cut and that he was not sure whether the' defendant consumed any alcohol at the Gator Bait.
 

 The defendant testified that Mr. Barnes approached him while he was at the Gator Bait Tavern with his girlfriend, his friend Dramon Mitchell, and Mr. Mitchell’s wife. The defendant testified that he had not consumed any alcohol the night of this incident. The defendant further testified that while at the Gator Bait Tavern, Mr. Barnes approached him and told him to stop using profanity. The defendant contended that he told Mr. Barnes that he was singing along with the words of the song playing in the bar. Mr. Barnes walked away.- According to the defendant, Mr. Barnes returned shortly thereafter, threw him to the ground, and began punching him. The defendant testified that another security guard grabbed him by his shirt and pant leg and threw him out of the door of the bar. At that point, Detective Lear placed the defendant under arrest. The defendant denied striking Mr. Barnes with a beer bottle.
 

 ASSIGNMENTS OF ERROR
 

 The defendant attacks his original 10-year sentence as excessive. He also argues that the trial judge failed to comply with La., G. Cr. P. art. 894.1 in | ^articulating reasons for the sentence imposed and that trial counsel was ineffective for failing to file a motion to reconsider sentence.
 

 All three assignments of error are moot because the original sentence no longer exists.
 
 State v. Jenkins,
 
 07-423, p. 8 (La. App. 5 Cir. 10/30/07), 970 So.2d 1166, 1170,
 
 writ denied,
 
 07-2248 (La.5/30/08), 983 So.2d 895;
 
 State v. Boutte,
 
 2009-583 (La.
 
 *132
 
 App. 3 Cir. 12/16/09), 27 So.3d 312 (“[the] assignment [that his sentence was excessive] is mooted by our ruling ... wherein we vacated the sentence and remanded the matter to the trial court for a new habitual offender adjudication.”). As previously mentioned, the trial court vacated the defendant’s original sentence and resen-tenced him in accordance with the habitual offender bill of information. These assignments of error have no merit.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, pursuant to La. C. Cr. P. art. 920,
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975), and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). We discern one error patent.
 

 The trial court failed to properly notify the defendant of the two-year prescriptive period for filing post conviction relief during the sentencing colloquy on the defendant’s original sentence. The August 19, 2009 commitment/minute entry states that the trial court informed the defendant that he had “two (2) years after judgment of conviction and sentence has become final to seek post-conviction relief.” The transcript of the proceedings held that day indicates that the trial court informed the defendant that he had “two years from the date the sentence becomes final to file post-conviction relief applications.” Accordingly, the commitment minute entry and sentencing transcript on the defendant’s original sentence are inconsistent. When there is a discrepancy between the transcript and the minutes, the transcript governs.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 |7La. C. Cr. P. art. 930.8 provides “[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final.” (Emphasis added). This Court has held on several occasions that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final renders the advisement incomplete.
 
 See, e.g., State v. Lauff,
 
 06-717 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 821.
 

 Accordingly, we now re-advise the defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 and 922.
 
 See also State v. Davenport,
 
 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445,
 
 writ denied,
 
 2009-158 (La.10/16/09), 19 So.3d 473 (wherein this Court rendered a decision that corrected this patent error by way of its opinion rather than remanding the matter to the trial court).
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the defendant’s sentence and conviction are affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.