STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 0893

STATE OF LOUISIANA

VERSUS

TYRONE M. SAJNA

Judgment Rendered: _____SEP 2 0 2024_____

Appealed from the
18th Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Docket No. 210535

The Honorable Tonya S. Lurry, Judge Presiding

Terri Russo Lacy
Assistant District Attorney
Antonio M. Clayton
District Attorney
Port Allen, Louisiana

Counsel for Appellee,
State of Louisiana

Jane Hogan
Hammond, Louisiana

Counsel for Defendant/Appellant,
Tyrone M. Sajna

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

On March 20, 2023, the defendant, Tyrone M. Sajna, was charged by amended grand jury indictment with two counts of aggravated rape of a victim under the age of thirteen (counts one and two), violations of La. R.S. 14:42(A)(4), and one count of sexual battery (count three), a violation of La. R.S. 14:43.1(A)(1). On April 15, 2021, he pled not guilty and, following a jury trial in March 2023, was found guilty as charged on each count. The trial court sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on each of counts one and two, and to a concurrent sentence of fifty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on count three. The defendant now appeals, filing both a counseled and pro se brief. For the following reasons, we affirm the convictions and sentences.

## FACTS

In December of 2019, T.A.[1] disclosed to his father that he was molested by the defendant, his former stepfather, when he was eight years old. After T.A.'s disclosure, T.A.'s sister, J.G., also alleged she was molested by the defendant when she was twelve years old. Following an investigation, the defendant was charged with aggravated rape of T.A., aggravated rape of J.G., and sexual battery of J.G.

## SUFFICIENCY OF THE EVIDENCE

In his first counseled and pro se assignments of error, the defendant argues the evidence at trial was insufficient to support his convictions. The defendant asserts the State failed to present sufficient evidence to support his convictions of aggravated rape and sexual battery, as there was no physical evidence of sexual abuse, and T.A. and J.G. failed to offer sworn testimony of the abuse. He also

---

[1] The minor victim is referenced herein only by her initials. See La. Ch.C. art. 412; La. R.S. 46:1844(W); Uniform Rules of Louisiana Courts of Appeal, Rule 5-2.

2

argues the State failed to prove J.G. was under the age of thirteen years old at the time of the offense of aggravated rape.

We note the defendant also assigns as error the trial court's admission of other crimes evidence and expert testimony. When the issues on appeal relate to both the sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. When addressing the sufficiency of the evidence, consideration must be given to the entirety of the evidence, including inadmissible evidence which was erroneously admitted, to determine whether the evidence is sufficient to support the conviction. State v. Howard, 2023-1060 (La. App. 1st Cir. 6/3/24), ___ So.3d ___, ___, 2024 WL 3037273, *1.

A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const. amend. XIV; La. Const. art. I, § 2. The standard of review for sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Smith, 2022-0231 (La. App. 1st Cir. 11/4/22), 354 So. 3d 697, 700; see also La. C.Cr.P. art. 821(B).

When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. Smith, 354 So. 3d at 700. When analyzing circumstantial evidence, the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See La. R.S. 15:438. The facts then established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt the defendant was guilty of every

3

essential element of the crime. Smith, 354 So. 3d at 700. This is not a separate test for evaluating the evidence; rather, all of the evidence, both direct and circumstantial, must be sufficient under Jackson to convince a rational juror the defendant is guilty beyond a reasonable doubt. Howard, ___ So.3d at ____, 2024 WL 3037273 at *1.

The defendant was charged with two counts of aggravated rape. Rape is defined, in pertinent part, as "the act of . . . oral . . . sexual intercourse . . . committed without the person's lawful consent." La. R.S. 14:41(A). Oral sexual intercourse is the intentional touching of the victim's genitals by the offender using the offender's mouth or tongue, or the intentional touching of the offender's genitals by the victim using the victim's mouth or tongue. See La. R.S. 14:41(C). At the time of the instant offenses, aggravated rape was defined, in pertinent part, as "a rape committed . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed . . . [w]hen the victim is under the age of thirteen years." La. R.S. 14:42(A)(4) (prior to amendment by 2015 La. Acts No. 256, § 1).[2]

Aggravated rape is a general intent crime, which means the criminal intent necessary to sustain a conviction is established by the very doing of the proscribed act. See La. R.S. 14:11; State v. Curtin, 2022-1110 (La. App. 1st Cir. 10/5/23), 376 So. 3d 918, 930, writ denied, 2023-01464 (La. 4/23/24), 383 So. 3d 603. General criminal intent is present whenever there is specific intent, and also when the circumstances indicate the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2).

---

[2] Any act in violation of La. R.S. 14:42 committed before August 1, 2015 shall be referred to as aggravated rape, and any act in violation of La. R.S. 14:42 committed on or after August 1, 2015 shall be referred to as first degree rape. See La. R.S. 14:42(E).

4

The defendant was also charged with sexual battery. At the time of the offense, sexual battery was defined, in pertinent part, as the intentional touching of the victim's anus or genitals by the offender using any part of the offender's body, or the touching of the offender's anus or genitals by the victim using any part of the victim's body, when the offender acts without the consent of the victim. La. R.S. 14:43.1(A)(1) (prior to amendment by 2015 La. Acts No. 256, § 1). Sexual battery is a general intent crime. Thus, the only intent necessary to sustain a conviction is established by the very doing of the proscribed act. See La. R.S. 14:11; State v. Strain, 2022-0670 (La. App. 1st Cir. 6/1/23), 2023 WL 3746992, *6 (unpublished), writ denied, 2023-00930 (La. 1/17/24), 377 So. 3d 243.

As to count one, aggravated rape of T.A., the State presented T.A.'s pretrial Children's Advocacy Center (CAC) statement and trial testimony. In his CAC interview on December 18, 2019, which was introduced into evidence without objection and played for the jury, T.A. stated he usually slept in a bedroom with his twin brother but would sometimes sleep in the living room. One night, when T.A. was eight years old, he was in the living room with the defendant, who pulled down his pants and told T.A. to suck his penis. After T.A. complied with his request, the defendant told T.A. not to tell his mother, R.A., what happened. T.A. also described another incident in which the defendant was driving near the Cortana Mall in Baton Rouge when he lowered his pants and pushed T.A.'s head down, forcing T.A. to perform oral sex. T.A. stated he did not tell anyone about either incident because he was terrified of what the defendant might do.

At trial, T.A. testified the allegations he made against the defendant in his CAC interview were truthful. T.A. further testified he was eight years old in 2014 at the time of the offenses and lived with his mother, R.A.; his sister, J.G.; and his twin brother. After R.A. married the defendant in 2012, the defendant lived in their home until they separated in 2014. Although T.A. did not testify under oath about

the rape allegations at trial, his CAC statement was admitted as direct evidence of the instant offenses. See La. R.S. 15:440.2(A)(3), 15:440.4, and 15:440.5; State v. Wilkinson, 2022-0846 (La. App. 1st Cir. 3/6/23), 2023 WL 2362735, *4 (unpublished), writ denied, 2023-00490 (La. 11/15/23), 373 So. 3d 78. Further, defense counsel had an opportunity to cross examine T.A. who was available at trial.

As to count two and count three, aggravated rape of J.G. and sexual battery of J.G., the State presented sufficient evidence to support the convictions through J.G.'s pretrial CAC statement, as well as her trial testimony. In her CAC interview on December 18, 2019, which was introduced into evidence without objection and played for the jury, J.G. stated she was lying on her mother's bed watching television when the defendant entered the room, pulled her to the side of the bed, removed her shorts and underwear, and touched her vagina with his tongue. J.G. also described a second incident, which occurred one night when she was sleeping in her brothers' room. J.G. stated the defendant carried her from the bedroom to the living room, pulled out his penis, began masturbating, and told her to touch his penis. When she declined, the defendant grabbed T.A.'s hand and placed it on his penis. Thereafter, the defendant removed her clothes and performed oral sex on her.

At trial, J.G. testified that the allegations she made against the defendant in her CAC interview were truthful. Although J.G. did not testify under oath about the allegations at trial, her CAC statement was admitted as direct evidence of the instant offenses. See La. R.S. 15:440.2(A)(3), 15:440.4, and 15:440.5; Wilkinson, 2023 WL 2362735 at *4. Further, defense counsel had an opportunity to cross examine J.G. who was available at trial.

The defendant argues the State failed to prove J.G. was under the age of thirteen years old at the time the offense occurred. However, J.G. testified at trial

that she was born on May 13, 2002. Although J.G. stated in her CAC statement, and initially in her trial testimony, that she was thirteen years old at the time of the offense, she later testified she was twelve years old when the events occurred in the summer of 2014. The State also admitted into evidence J.G.'s driver's license, which proved her date of birth. Thus, at the time of the offense in 2014, J.G. was twelve years old, and the State proved beyond a reasonable doubt J.G. was under the age of thirteen.[3]

The defendant further contends J.G.'s statement that she sometimes slept in her brothers' room was contradicted by T.A.'s testimony. We disagree. T.A. testified that while he and his twin brother shared a room, J.G. occasionally slept in their bedroom as well. Thus, T.A.'s testimony in fact corroborated J.G.'s statement. Even assuming this was a discrepancy, the jury heard their testimony and found them credible, and we cannot say the jury was unreasonable in doing so. See Smith, 354 So. 3d at 702.

The State also introduced evidence of the defendant's prior sexual acts under Louisiana Code of Evidence article 412.2 through the testimony of four witnesses, T.C., R.D., P.B., and V.B., to show the defendant's lustful disposition toward juveniles and/or sexually assaultive behavior. Each witness testified to the defendant's prior conduct. First, T.C., the defendant's biological daughter, testified she lived with the defendant between the ages of eight and eleven years old. T.C. testified that in January of 2017, she made a Facebook post about the sexual abuse she experienced by the defendant. In the post, which T.C. read to the jury, T.C. stated when she was in first or second grade, the defendant, who was nude, entered her bedroom while she was lying on her bed and rubbed her vagina. T.C. further described other occasions in which the defendant hit her on the butt, rubbed against her with his penis, and walked in on her taking a bath.

---

[3] J.G. turned twelve years old on May 13, 2014. Therefore, J.G. was under thirteen years old throughout the entire year of 2014.

Next, R.D. testified that in 2017, when he was eight years old, the defendant temporarily lived in R.D.'s parents' home. R.D. testified the defendant entered R.D.'s bedroom, got in the bed with him, and rubbed R.D.'s bare butt under his clothes. Third, P.B. testified that in 2010, when she was thirteen years old, the defendant, who was married to her great aunt, worked on repairs at her parents' home. While there, the defendant entered her bedroom and touched her breast and upper thigh.

Finally, V.B. testified she and the defendant were in a relationship several years prior. V.B. testified her two-year-old daughter told her "Tyrone" touched her breast and vagina. V.B. then confronted the defendant, who denied the allegations. Following an argument, V.B. fell asleep and later awoke to the defendant holding a knife to her throat. V.B. testified the defendant stated, "[i]f you don't suck my d***, b****, I'm going to kill you." V.B. further testified that after she complied with the defendant's demand, she called the police to remove him from her apartment but declined to file a police report.

We now find that the State's evidence was sufficient to support the convictions. The testimony of the victims, T.A. and J.G., alone was sufficient to prove the elements of the offenses. See Smith, 354 So. 3d at 702. In finding the defendant guilty, it is clear the jury found T.A. and J.G.'s pretrial CAC statements credible and rejected the defendant's hypothesis of innocence. See Wilkinson, 2023 WL 2362735 at *5. Further, the jury was presented evidence showing the defendant's lustful disposition toward juveniles and history of sexually assaultive behavior. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the fact finder. See State v. Calloway, 2007-2306 (La. 1/21/09), 1 So. 3d 417, 418 (per curiam). Viewing the evidence in the light most

8

favorable to the prosecution, we find a rational trier of fact could have found the State proved beyond a reasonable doubt the defendant committed aggravated rape of T.A. and J.G. and sexual battery of J.G. These assignments of error are without merit.

## OTHER CRIMES EVIDENCE

In his second counseled and pro se assignments of error, the defendant argues the trial court erroneously allowed the State to introduce evidence of the defendant's prior sexual acts under La. C.E. art. 412.2, as there was insufficient proof the alleged acts occurred, insufficient evidence to support the admission of such prior acts, and the evidence was more prejudicial than probative. The defendant further argues the trial court erroneously admitted V.B.'s testimony without first holding a hearing to determine its admissibility under La. C.E. art. 404(B).

Under La. C.E. art. 402, all relevant evidence is admissible. However, under La. C.E. art. 403, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." Evidence is deemed relevant if such evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401; State v. Dawson, 2019-1612 (La. App. 1st Cir. 11/17/20), 316 So. 3d 77, 89, writ denied, 2021-00217 (La. 5/4/21), 315 So. 3d 222.

Evidence of other crimes, wrongs, or acts is generally inadmissible to impeach the character of the accused. La. C.E. art. 404(B). However, such evidence may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. La. C.E. art. 404(B)(1). When a defendant is charged with acts that constitute a sex offense involving a victim

9

who was under the age of seventeen at the time of the offense, evidence of his other acts which involve sexually assaultive behavior or acts which indicate his lustful disposition toward children is admissible if the court determines that, pursuant to La. C.E. art. 403, its probative value outweighs its prejudicial effect. La. C.E. art. 412.2(A); State v. Vince, 2020-1054 (La. App. 1 Cir. 10/8/21), 2021 WL 4704993, *4 (unpublished), writ denied, 2021-01922 (La. 3/2/22), 333 So. 3d 836. A trial court's ruling on the admissibility of the additional other crimes evidence will not be disturbed absent an abuse of discretion. Vince, 2021 WL 4704993 at *5.

Prior to trial, the State filed a notice of intent to use evidence of the defendant's prior sexual acts with juveniles P.B., R.D., and T.C. pursuant to La. C.E. art. 412.2 to show the defendant had a lustful disposition toward juveniles and sexually assaultive behavior. The trial court found the evidence admissible, and the defendant did not object to the court's ruling.[4] The State also filed a second notice of intent to introduce evidence of defendant's prior violent sexual act with V.B. to show sexually assaultive behavior in addition to the lustful disposition evidence previously referenced. The trial court did not conduct a hearing on the admissibility of such evidence, and the defendant did not object or request a hearing. At trial, the other crimes evidence was introduced through several witnesses as previously outlined.

After a thorough review of the record, we find the defendant failed to adequately preserve this issue for appeal. The defendant did not object to the trial court's admission of the other crimes evidence at the hearing or at trial, nor did he file a motion in limine to exclude such evidence. We further note, in both his

---

[4] A hearing was held to determine whether the other crimes evidence would be admitted. At the hearing, the trial court stated it "was under the incorrect belief" a hearing was required. However, after review, the trial court determined that a pretrial hearing on admissibility was not required prior to trial. The trial court then stated, "[w]ith regard to the arguments made on the notice, I do find that the probative value far outweighs any prejudicial effect that the evidence would have in this case, and I am going to allow it in."

counseled and pro se briefs on appeal, the defendant concedes his trial counsel failed to argue against the admissibility of the Article 412.2 evidence, lodge a pretrial objection to V.B.'s testimony, or object to V.B.'s testimony at trial.

To preserve the right to seek appellate review, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. See La. C.Cr.P. art. 841(A); La. C.E. art. 103(A)(1). Due to his failure to enter a contemporaneous objection, the defendant has waived review of any alleged error regarding the trial court's admission of other crimes evidence. See State v. Lafont, 2023-0086 (La. App. 1st Cir. 9/15/23), 375 So. 3d 1002, 1011 (defendant's failure to object to other crimes evidence prohibited appellate review). Accordingly, these assignments of error are not reviewable on appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his third counseled assignment of error and his fourth and fifth pro se assignments of error, the defendant argues he was denied his constitutional right to the effective assistance of counsel. Specifically, the defendant claims his trial counsel had a conflict of interest as a result of the defendant's disciplinary complaint against him, and such conflict of interest is apparent from counsel's comments and lack of effective advocacy during trial.

A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted. However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Anderson, 2023-0271 (La. App. 1st Cir. 11/3/23), 2023 WL 7270839, *4 (unpublished), writ denied, 2023-01591 (La. 5/21/24), 385 So. 3d 241.

11

During a hearing on March 8, 2023, the defendant advised the trial court he intended to file a complaint against his trial counsel, Maynard Batiste, but filed the complaint against the wrong attorney. Mr. Batiste stated although the defendant filed the complaint against him, albeit using the wrong name, he was still trying to zealously represent the defendant.

It is unclear from the record whether the defendant's attempted bar complaint against Mr. Batiste affected his representation of the defendant. Further, the record does not contain the bar complaint or its outcome. Thus, this court cannot effectively review whether the complaint created an actual conflict of interest between Mr. Batiste and the defendant or whether the defendant received ineffective assistance of counsel. Because the record does not allow for definitive resolution on appeal, we find the defendant's claim is more properly relegated to post-conviction proceedings, where the trial court may conduct a full evidentiary hearing.[5]  See State v. Anderson, 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So. 3d 845, 854, writ denied, 2023-00352 (La. 9/6/23), 369 So. 3d 1267.

## EXPERT TESTIMONY

In his third pro se assignment of error, the defendant argues the trial court erroneously admitted the expert testimony of Dr. Anne Troy. At trial, Dr. Troy, who was accepted without objection as an expert in the field of child maltreatment, testified explaining the lack of physical evidence and delayed reporting in child sexual abuse cases. On cross examination, however, she admitted that she could not testify as to whether a child was telling the truth because that was for the jury to decide. After a thorough review of the record, we find the defendant failed to adequately preserve this issue for appeal. To preserve the right to seek appellate review, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. La. C.Cr.P. art. 841(A);

---

[5] The defendant would have to satisfy the requirements of La. C.Cr.P. art. 924, et seq., in order to receive such a hearing. Anderson, 2023 WL 7270839 at *4 n.6.

12

La. C.E. art. 103(A)(1). The defendant failed to object to any aspect of Dr. Troy's testimony, which the defendant concedes in his counseled brief. Accordingly, the defendant has waived review of any alleged error due to his failure to enter a contemporaneous objection. See Wilkinson, 2023 WL 2362735 at *6. This assignment of error is not reviewable on appeal.

## GRAND JURY INDICTMENT

In his sixth pro se assignment of error, the defendant argues the grand jury indictment was invalid. The time for testing the sufficiency of an indictment is before trial by way of a motion to quash or an application for a bill of particulars. A post-verdict attack on the sufficiency of an indictment should be rejected unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense. State v. Draughn, 2005-1825 (La. 1/17/07), 950 So. 2d 583, 623, cert. denied, 552 U.S. 1012, 128 S. Ct. 537, 169 L. Ed. 2d 377 (2007). The defendant herein failed to challenge the sufficiency of the indictment before trial and further failed to demonstrate how he was prejudiced by the allegedly invalid indictment. The indictment gave fair notice of the offenses charged and set forth identifiable offenses by charging the defendant with aggravated rape of T.A. in 2014 pursuant to La. R.S. 14:42(A)(4), aggravated rape of J.G. in 2014 pursuant to La. R.S. 14:42(A)(4), and sexual battery upon J.G in 2014 pursuant to La. R.S. 14:43.1(A)(1). Therefore, we find the defendant waived any claim based on the allegedly invalid indictment. Id. This assignment of error is not reviewable on appeal.

## IMPROPER CLOSING ARGUMENT

In his seventh pro se assignment of error, the defendant argues the State made several inflammatory comments during its closing remarks. Closing statement arguments shall be confined to the evidence admitted, to the lack of evidence, to conclusions of fact the State or defendant may draw therefrom, and to

the law applicable to the case. The argument shall not appeal to prejudice. La. C.Cr.P. art. 774. Although they should not misstate the evidence, prosecutors are allowed wide latitude in choosing closing argument tactics. Draughn, 950 So. 2d at 614. The trial court has broad discretion in controlling the scope of closing arguments, and this court will not reverse a conviction on the basis of improper closing argument unless thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Bessie, 2021-1117 (La. App. 1st Cir. 4/8/22), 342 So. 3d 17, 27, writ denied, 2022-00846 (La. 9/20/22), 346 So. 3d 802.

The State opened its rebuttal closing argument with the following comments: "Put [the defendant] on a milk carton. Put him through door number four. Put his a** at Angola." The defendant objected on the ground that the comments were inflammatory, and the trial court overruled the objection. Thereafter, the State described the defendant as a "wolf" and "a piece of garbage[.]" The defendant again objected on the same ground, and the trial court again overruled the objection.

The comments about the milk carton and door number four, without context, are nonsensical and neither unfairly prejudicial nor inflammatory. However, we find the trial court erred in overruling the defendant's objections as to the other complained of comments. The body of caselaw makes clear that the other comments are not appropriate. See State v. Martin, 93-0285 (La. 10/17/94), 645 So. 2d 190, 200-01, cert. denied, 515 U.S. 1105, 115 S. Ct. 2252, 132 L. Ed. 2d 260 (1995) (prosecutor's characterization of defendant as "beast" did not warrant reversal, "[a]lthough prosecutors ought to refrain from [making such] characterizations"). The trial court should exclude such comments when called upon to do so. While the State's comments were improper, we cannot say they were so unfairly prejudicial and inflammatory as to warrant reversal, and we are not thoroughly convinced that these comments contributed to the verdict.

14

Moreover, the trial court instructed the jury that the closing arguments and statements by attorneys are not evidence. It further instructed the jury not to be influenced by sympathy, passion, prejudice, or public opinion. Much credit should be accorded to the good sense and fairmindedness of jurors who have seen the evidence, heard the argument, and been instructed by the trial judge that arguments of counsel are not evidence. Martin, 645 So. 2d at 200. Accordingly, while we find error, such does not warrant reversal under the facts before us.

## PATENT ERROR

Pursuant to La. C.Cr.P. art. 920(2), this court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. State v. Anthony, 2023-0117 (La. App. 1st Cir. 11/3/23), 378 So. 3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So. 3d 424. After a careful review of the record, we have found one patent error.

After the trial court imposed the sentences herein, it advised the defendant he had "two years to file post-conviction relief, once [his] conviction is final." A defendant generally has two years "after the judgment of conviction *and sentence* has become final" to seek post-conviction relief. La. C.Cr.P. art. 930.8(A) (emphasis added). Thus, the trial court failed to adequately advise the defendant of the prescriptive period for seeking post-conviction relief. However, the trial court's failure to properly advise the defendant has no bearing on the sentence and is not grounds to reverse the sentence or remand for resentencing. State v. LeBoeuf, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So. 2d 1134, 1142-43, writ denied, 2006-2621 (La. 8/15/07), 961 So. 2d 1158. Accordingly, this error is not reversible, and we decline to remand for resentencing.

Out of an abundance of caution and in the interest of judicial economy, we instead advise the defendant that La. C.Cr.P. art. 930.8 generally provides that no

15

application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. Id. at 1143.

**CONVICTIONS AND SENTENCES ARE AFFIRMED.**

16